Elisha Hathaway *v.* Henry Lewis, Adm'r, etc.

---

ELISHA HATHAWAY *v.* HENRY LEWIS, Adm'r, etc.

(No. 9,091.)

1. An action of foreclosure and for the sale of mortgaged premises can be maintained, in case of the death of the mortgagor, before the expiration of the period limited by the 98th section of the act to provide for the settlement of the estates of deceased persons.

2. In some cases the remedy for the debt may be lost or suspended, and yet the right to proceed on a security given for the debt will not be affected.

SPECIAL TERM.—On demurrer to petition.

This is an action brought for a foreclosure and the sale of mortgaged premises, the mortgagor having deceased. The administrator and heirs are the parties defendant. A demurrer has been filed to the petition by the administrator.

*Mills & Hoadly* for plaintiff.

*Flamen Ball* for defendants.

GHOLSON, J.  Several grounds have been assigned, but all really depend on the same question—whether the action can be maintained until the period limited by the 98th section of the act " to provide for the settlement of the estates of deceased persons " has expired.  This is a question of construction, depending upon the consideration whether it was the intention of the legislature to suspend, not only the remedy for the debt, but the remedy upon any security which may have been given by the debtor.

I think it can not be questioned, that in some cases the

remedy for the debt may be lost or suspended, and yet the right to proceed on a security given for the debt will not be affected. Cases of this kind are found in our reports. 4 O. S. 197. *Hollister* v. *Dillon.*

It does not, therefore, follow, as claimed by counsel, that it is a necessary consequence of the suspension of a remedy by action on the debt, that the right to proceed, as it were *in rem*, to subject the thing pledged for the payment of the debt, has been disturbed. This conclusion is strengthened by an expression in the statute, that it is not applicable when the demand is one which would not be affected by the insolvency of the estate. Such is the case of a mortgage security. In the present case no personal judgment is asked, and I am unable to see anything to prevent a proceeding to enforce the specific lien which the creditor has secured.

It is said that a judgment creditor would not be allowed to proceed; but the lien of a judgment is general, not specific; it arises from the operation of law, and not by the contract or deed of the party, and the same principle does not apply. The demurrer, therefore, will be overruled.

Demurrer overruled.